# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CORI WILLIAMS (#536814)**

**VERSUS**

**DARREL VANNOY, ET AL.**

**CIVIL ACTION**

**NO. 21-153-BAJ-SDJ**

## ORDER

Before the Court is the petitioner's Motion to Stay and Abey Habeas Petition (R. Doc. 2), wherein the petitioner asks this Court to stay the proceedings herein until the petitioner has exhausted his state court remedies. Specifically, the petitioner seeks to exhaust his *Ramos* claims pertaining to a non-unanimous jury verdict.

One of the threshold requirements for a § 2254 petition is that, subject to certain exceptions, the petitioner must have first exhausted in state court all of his claims before presenting them to the district court. 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State....") The Supreme Court has interpreted § 2254(b)(1) to require dismissal of a habeas corpus petition if it contained even a single unexhausted claim – the "total exhaustion" requirement. *Rose v. Lundy,* 455 U.S. 509, 518–19 (1982).

In *Rhines v. Weber,* 544 U.S. 269 (2005), the Supreme Court created an exception to *Lundy* for mixed petitions. The Supreme Court held that a district court may stay a mixed petition rather than dismiss it, holding the petition in abeyance while the petitioner seeks exhaustion of any unexhausted claims in state court. *Id.* However, the Court feared that liberal use of this stay-and-abeyance procedure might undermine the Antiterrorism and Effective Death Penalty Act's twin purposes of encouraging the swift execution of criminal judgments and

favoring the resolution of habeas claims in state court, if possible, before resorting to federal review. *Id.* at 276–78. Therefore, *Rhines* mandated that a district court should grant a stay and abeyance only in limited circumstances where: (1) the petitioner had good cause for his failure to exhaust his claims first in state court, (2) his unexhausted claims are potentially meritorious, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.*

In the instant matter, the petitioner's unexhausted claims are not potentially meritorious. In *Edwards v. Vannoy*, 141 S. Ct. 1547, 1551, 209 L. Ed. 2d 651 (2021) the United States Supreme recently held:

> Last Term in *Ramos v. Louisiana*, 590 U. S. ——, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), this Court held that a state jury must be unanimous to convict a criminal defendant of a serious offense. *Ramos* repudiated this Court's 1972 decision in *Apodaca v. Oregon*, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184, which had allowed non-unanimous juries in state criminal trials. **The question in this case is whether the new rule of criminal procedure announced in *Ramos* applies retroactively to overturn final convictions on federal collateral review. Under this Court's retroactivity precedents, the answer is no.**

Accordingly,

**IT IS ORDERED** that the petitioner's Motion (R. Doc. 2) be and is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on September 21, 2021.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**