UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| CORI WILLIAMS | CIVIL ACTION |
| VERSUS | |
| DARREL VANNOY, ET AL. | NO. 21-00153-BAJ-SDJ |

### RULING AND ORDER

Before the Court is Petitioner Cori William's **Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody (Doc. 1)**. The Petition is opposed. (Doc. 15).

The Magistrate Judge has issued a **Report and Recommendation (Doc. 18, the "Report")**, recommending that the Court find that Petitioner's Petition is timely, but nonetheless fails on the merits, and, further, that the Court deny Petitioner a certificate of appealability (COA). Petitioner timely filed an objection to the Report's disposition of the merits of his claims, and to the denial of a COA. (Doc. 19).

Petitioner objects to the Magistrate Judge's finding that the outcome of Petitioner's state criminal trial, where he was found guilty of second-degree murder and attempted second-degree murder, would not have been different if Petitioner had been called to testify. Petitioner argues that he was denied his right to testify in his own defense, and that the denial constituted ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

It is well-established that criminal defendants have the right to testify in their own defense. *Rock v. Arkansas*, 483 U.S. 44, 51–53 (1987). It is equally clear that a

denial of the right to testify is subject to "harmless error" analysis. *Bell v. Quarterman*, 330 F. App'x 492, 493 (5th Cir. 2009) (affirmed district court's application of harmless error standard to petitioner's claim that he was denied his right to testify); *Graham v. Roberts*, 96 F.3d 1445 (5th Cir. 1996) (*per curiam*) (assuming that petitioner's right to testify was denied, it was harmless error). Here, even if petitioner was denied the right to testify, which is not obvious from the record, Petitioner has failed to show that his attorney's error in denying the right prejudiced Petitioner's defense. This is because significant evidence at trial supported the jury's verdict of second-degree murder and attempted second degree murder. Additionally, Petitioner's testimony would have been duplicative and subjected him to damaging impeachment on cross examination.

The evidence established that following an altercation outside a store, Petitioner "returned to his vehicle and stayed there for several moments, then concealed a weapon on his person, calmly walked back to the area" where the victim was seated in his car, "and opened fire." (Doc. 12-11 at 13). When Petitioner shot into the vehicle, the victim "[was] attempting to drive away." (*Id.*). Under these circumstances, in which Petitioner walked away to retrieve a gun and returned to shoot the victim, a reasonable trier of fact could have found that Petitioner had an intent to kill, as required for second degree murder in Louisiana, and was not deprived "of his self-control and cool reflection," a finding which would support a lesser charge of manslaughter. *State v. Mellion*, 2021-1116 (La. App. 1 Cir. 4/8/22), 342 So. 3d 41, 45, *writ denied*, 2022-00732 (La. 6/22/22), 339 So. 3d 1186, and *cert.*

*denied*, 143 S. Ct. 319, 214 L. Ed. 2d 141 (2022).

Notably, Petitioner's lawyer mentioned several times in his opening statement that the jury would hear from Petitioner, but Petitioner never testified, and the record is silent as to why. Petitioner contends that his attorney's unfulfilled promises constitute ineffective assistance of counsel. This may sometimes be true. *See e.g.*, *Harris v. Reed,* 894 F.2d 871, 879 (7th Cir. 1990) (finding counsel's performance deficient and sufficiently prejudicial where counsel promised the jury evidence that another suspect committed the crime and then failed to call any defense witnesses without explanation to the jury as to the change in strategy); *Ouber v. Guarino,* 293 F.3d 19, 22, 30 (1st Cir. 2002) (finding defense counsel's trial performance deficient where counsel failed to put the defendant on the stand after telling the jury four times in his opening statement that the defendant would testify; sufficiently prejudicial where inculpatory evidence was so underwhelming it had resulted in two prior hung juries).

But here, it is not apparent that Petitioner's version of events would have made a difference in the outcome. Although Petitioner alleges he would have testified that the man he killed asked someone for a gun, possibly supporting an argument for self-defense, he failed to mention this detail in a lengthy interview with police after his arrest. That video was shown to the jury during the government's case in chief. Petitioner's self-serving and after-the-fact addition of a crucial detail he neglected to mention during his interrogation would have subjected him to damaging impeachment on cross examination. Additionally, an eyewitnesses at trial testified

3

that he heard the victim ask for a gun, which means the substance of Petitioner's proposed testimony came out through other fact witnesses, reducing the importance of Petitioner's version of the events.

Under these circumstances, the Court finds that Petitioner has failed to show that his attorney's error of failing to fulfill a promise to the jury prejudiced Petitioner's defense. *See United States ex rel Schlager v. Washington*, 887 F. Supp. 1019, 1026–27 (N.D. Ill. 1995), *aff'd sub nom. Schlager v. Washington*, 113 F.3d 763, 768–69 (7th Cir. 1997) (finding an unfulfilled promise during opening statement that the defendant would testify did not constitute ineffective assistance of counsel when other evidence "had already set the stage for a defense that [the defendant] did not act intentionally"); *United States v. Harris*, 408 F.3d 186, 192-93 (5th Cir. 2005) (finding that defendant's counsel did not provide ineffective assistance in failing to present his client as a witness because the defendant would not have offered any direct evidence concerning the crime that was not already adduced from other testimony on direct or cross-examinations); *Barron v. United States*, No. 4:11CR003(19), 2018 WL 8798987, at *7–8 (E.D. Tex. June 28, 2018), *report and recommendation adopted sub nom. Narciso Barron v. United States*, No. 4:11CR003(19), 2018 WL 8798988 (E.D. Tex. Sept. 4, 2018) ("As [movant's] testimony would be duplicative of the evidence presented at trial, and open to further attack as to [his] character or impeachment, the Court cannot say that counsel's decision [to change strategy] was objectively unreasonable"). The Court will, however, grant Petitioner a certificate of appealability on this issue.

The Court finds Petitioner's further objections similarly without merit. Upon de novo review, and having carefully considered Petitioner's Petition, the State's opposition, the state court record, Petitioner's objections, and related filings, the Court **APPROVES IN PART** the Magistrate Judge's Report and Recommendation and **ADOPTS** it as the Court's opinion in this matter, except to the extent the Report recommends that a Certificate of Appealability be denied.

Accordingly,

**IT IS ORDERED** that the **Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody (Doc. 1)** be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the above-captioned action be and is hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that, in the event Petitioner pursues an appeal in this case, a certificate of appealability be and is hereby **GRANTED** on the issue of ineffective assistance of counsel because reasonable jurists could debate the denial of Petitioner's Petition or the correctness of the Court's substantive rulings.

Judgement shall be entered separately.

Baton Rouge, Louisiana, this 24th day of June, 2024

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**